PER CURIAM.
Gregory Everett appeals the order denying his timely motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, which raised four grounds for relief. We reverse and remand for further proceedings on ground two only.
Everett alleged under oath that he was deprived of due process when the trial judge failed to dismiss the jury for misconduct after the prosecutor, the victim, and the victim’s mother “held a conference” with jurors in a courthouse corridor during a recess. Everett further claimed that his trial attorney brought this matter to the judge’s attention in open court but that the judge failed to inquire about the substance of the hallway discussion.
Attached to Everett’s motion was his trial counsel’s affidavit, which supported the contention that the attorney had alerted the trial judge about the potentially improper conversation between one or more jurors and the victim but that portion of the proceedings was not recorded. In response, the State conceded the need for a hearing to resolve issues relating to possible witness contact with the jurors during trial. The postconviction court then ordered an evidentiary hearing on this matter. However, before the hearing was held, a successor judge sua sponte denied the motion on the merits, finding that Everett was not entitled to an eviden-tiary hearing because claims of trial court error must be raised on appeal rather than in a rule 3.850 motion.
Nothing attached to the order on appeal demonstrates that the issue Everett raised in his postconviction motion could have *359 been raised on direct appeal. Indeed, the allegations appear to be that the trial judge and trial counsel failed to have the court reporting system in place or operating when the matter was addressed to the judge.[1] If that is the case, given that trial counsel was not the appellate counsel, there would have been little or no ability for appellate counsel to even appreciate that the issue existed.-
We conclude that this motion could not be summarily denied on the grounds relied upon by the postconviction court. Accordingly, we reverse and remand for further proceedings. We would note that the State, while conceding that an evidentiary hearing was necessary, did not concede that the motion was facially sufficient to establish the prejudice prong of Strickland.[2] See Thompson v. State, 990 So.2d 482, 490-91 (Fla.2008) (requiring a showing that the result of the proceeding was rendered unreliable, and confidence in the outcome undermined by counsel’s deficiency). On remand, the postconviction, court is authorized to allow Everett to amend his motion to allege prejudice in greater detail. However, given that the motion was filed in 2002 and it alleges a due process violation, the postcoriviction court may find that it is more expedient at this time to conduct an evidentiary hearing to determine the facts surrounding the alleged hallway conference.
Affirmed in part; reversed in part; and remanded. ■
ALTENBERND, NORTHCUTT, and KELLY, JJ., Concur.

. From our record, we cannot determine whether the trial was digitally recorded or whether there was a court reporter present at trial.

. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).